# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

SETH LIPSCOMB,                )
Y-22510,                      )
                             )
          Plaintiff,          )
                             )          Case No. 18−cv−1767−SMY
vs.                          )
                             )
WARDEN THOMPSON,              )
JOHN DOE,                     )
JANE DOE 1, and
JANE DOE 2,

          Defendants.

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Seth Lipscomb, an inmate of the Illinois Department of Corrections ("IDOC") currently housed at Pinckneyville Correctional Center ("Pinckneyville"), brings this *pro se* action pursuant to 42 U.S.C. § 1983. He claims that Pinckneyville officials have exhibited deliberate indifference to his serious medical condition; a painful, fist-sized lump beneath his right arm. Plaintiff seeks monetary damages and injunctive relief. (Doc. 1, p. 8).

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court must dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from suit.

## The Complaint

Plaintiff makes the following allegations in the Complaint: Plaintiff has a fist-sized lump beneath his right arm. (Doc. 1, pp. 5-6). On June 23, 2018, John Doe, a physician at

1

Pinckneyville, examined his arm. *Id.* Plaintiff told John Doe the lump was painful, including when he slept on it. (Doc. 1, p. 6). Plaintiff also expressed concern about the lump being cancerous. (Doc. 1, p. 12). Without performing any tests, John Doe told Plaintiff the lump is simply muscle tissue, is not cancerous, and is not life threatening. (Doc. 1, p. 6). He stated, "You think it hurts. But it's really your arm rubbing on it causing you a[n] uncomfortable feeling that's all." *Id.* He also stated that IDOC is not in the business of making prisoners comfortable, and suggested that, unless the lump was life threatening, Plaintiff would not be receiving any treatment. (Doc. 1, pp. 6-7). Finally, John Doe told Plaintiff to put in another sick call request if the lump grew any bigger. (Doc. 1, p. 7).

## Dismissal of Certain Defendants

The allegations as to the Jane Doe defendants are as follows: One of the Jane Doe defendants referred Plaintiff to a physician after he complained about the lump under his arm. (Doc. 1, pp. 5-6, 11, 13). The other Jane Doe defendant took Plaintiff's blood pressure. (Doc. 1, p. 5). This conduct does not implicate a constitutional violation. Accordingly, Jane Doe 1 and Jane Doe 2 will be dismissed from the Complaint without prejudice.

Additionally, Plaintiff did not reference Warden Thompson in the statement of claim and did not associate him with a specific act of wrongdoing. As such, any intended individual capacity claims against Warden Thompson will also be dismissed from the Complaint without prejudice. *See Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

## Merits Review Under § 1915(A)

Based on the allegations of the Complaint, the Court finds it convenient to designate a single Count for the *pro se* action. The parties and the Court will use this designation in all

future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this Count does not constitute an opinion regarding its merit.

> **Count 1 –** John Doe was deliberately indifferent to Plaintiff's serious medical condition (a painful, fist-sized lump under his right arm), in violation of the Eighth Amendment.

Turning a blind eye to an inmate's serious medical needs, including his complaints of pain, can constitute a violation of the Eighth Amendment. Moreover, a delay in treating a non-life-threatening, but painful condition can be a failure to address a serious medical need. *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997); *See also Edwards v. Snyder*, 478 F.3d 827, 830–32 (7th Cir. 2007). The alleged actions of John Doe meet these standards for pleading purposes. Therefore, Plaintiff will be allowed to proceed on his deliberate indifference claim against this individual.

### Injunctive Relief and Unknown Party

In addition to monetary damages, Plaintiff seeks "to be treated and have [the lump] removed." (Doc. 1, p. 8). The Court construes this as a request for injunctive relief at the close of the case. If Plaintiff needs medical care during the pendency of this action or wishes to seek some other type of interim relief, he should file a motion for a temporary restraining order or preliminary injunction pursuant to Rule 65(a) or (b), indicating the exact form of relief he seeks, the reasons why he seeks said relief, and the factual allegations supporting his request. He may do so at any time during the pending action.

Warden Thompson will remain on the docket in his official capacity for the purpose of carrying out any injunctive relief that may be ordered. *Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). He will also be responsible for responding to discovery aimed at identifying

3

the unknown defendant. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).

Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of the unknown defendant is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the Complaint.

## Pending Motions

Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2) will be addressed in a separate court order. However, because it appears that Plaintiff is indigent, his Motion for Service of Process of Government Expense (Doc. 4) is **GRANTED**.

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED**.[1] Plaintiff discloses two unsuccessful efforts to contact attorneys via written correspondence. Accordingly, he appears to have made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action *pro se*, Plaintiff indicates that he has some college education but limited understanding of medical and legal issues. Nonetheless, the Court finds that Plaintiff can proceed *pro se*, at least for now. Plaintiff's pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. Plaintiff appears competent to try this matter without representation at this time. Once discovery has commenced, if Plaintiff has significant difficulty, he may refile his motion.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint, which includes **COUNT 1** will proceed as to **JOHN DOE.**

---

[1] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

**IT IS FURTHER ORDERED** that **JANE DOE 1** and **JANE DOE 2** are **DISMISSED** from the Complaint without prejudice for failure to state a claim upon which relief may be granted. The Clerk **DIRECTS** the Clerk of the Court to terminate these individuals as parties in CM/ECF.

**IT IS FURTHER ORDERED** all individual capacity claims directed against **THOMPSON** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. **THOMPSON** shall remain on the docket (official capacity only) to carry out any injunctive relief that might be ordered and to respond to discovery aimed at identifying the unknown defendant.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **THOMPSON** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the unknown defendant until Plaintiff has identified him by name in a properly filed Motion for Substitution of Parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Daly for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 12, 2018**

s/ STACI M. YANDLE
**STACI M. YANDLE**
**United States District Judge**